IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

MARTIN GAGNON                                                    PLAINTIFFSS
6099 SCOTTSVILLE ROAD APT 621
BOWLING GREEN, KY 42104

AND

ADRIANA GAGNON
6099 SCOTTSVILLE ROAD APT 621
BOWLING GREEN, KY 402104


                                              Case No. _1:21-cv-46-GNS_____

v.
                                              Judge_____


                                                    DEFENDANTS


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:        CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. ADAMS STREET
CHICAGO, ILLINOIS 60661

SERVE:     THE PRENTICE HALL CORPORATION SYSTEM
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiffs, Martin Gagnon and Adriana GagNon, by counsel, and for their
Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax"), and
Trans Union, LLC "Trans Union" states as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
§1681 et seq. arising out of Defendants' failure to investigate Plaintiffs credit reporting disputes;
False reporting to Equifax and Trans Union of default history; and Defendants' failure to correct
false reporting on Plaintiffs credit reports.

## II. PARTIES

2.     Plaintiffs, Martin Gagnon and Adriana Gagnon, are currently and was at all relevant
times  citizens of the Commonwealth of Kentucky residing at 6099 Scottsville Road, Apt 621,
Bowling Green, KY 42104.

3.     Plaintiffs are  "consumers" as that term is defined by the FCRA, 15 U.S.C.
§1681a(c).

4.     Defendant, Equifax, is a corporation organized under the laws of the State of
Georgia and doing business in the Commonwealth of Kentucky with its principal place of business
located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5.     Equifax is a "consumer reporting agency that compiles and maintains files on

2

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

6.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7.     Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

8.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

9.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

10.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Warren County, Kentucky as a result of the Defendants' doing business in Warren County, Kentucky.

### IV.  FACTUAL BACKGROUND

11.     In or around October 2020 , Plaintiffs, who was in the process of seeking mortgage financing, accessed their  Equifax and Trans Union   credit reports and discovered that several creditors  were reporting default account history for Plaintiffs former accounts  as well as other credit accounts.

12.     Immediately upon discovering of the  false and derogatory tradelines which showed

Plaintiffs accounts with default histories, Plaintiffs filed written disputes with Equifax, and Trans Union regarding the inaccuracy of the tradelines given the prohibition of derogatory payment history reporting of the accounts as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

13.     Upon information and belief, Equifax and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), were notified of the disputes at or within five (5) days of Equifax and Trans Union's receiving notice of the disputes from Plaintiffs.

14.     In November and December of 2020, The defendants verified the accuracy of the tradelines and other tradelines reporting on Plaintiffs credit report.

15.     Despite Plaintiffs lawful request for removal or amendment of the disputed items pursuant to the FCRA, Equifax and Trans Union failed to investigate Plaintiffs disputes and failed to remove the disputed items from Plaintiffs credit report.

16.     Upon information and belief, Equifax and Trans Union did not evaluate or consider any of Plaintiffs information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiffs disputes.

17.     The Defendants' actions have damaged Plaintiffs in that Plaintiffs has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiffs disputes and Defendants' reporting of various account default histories. In addition, Defendants' violations of the FCRA have caused Plaintiffs to suffer embarrassment, humiliation, and emotional distress.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18.    Plaintiffs hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19.    Equifax's failure to investigate Plaintiffs disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20.    Equifax's failure to evaluate or consider any of Plaintiffs information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs actual damages, for statutory damages, and for Plaintiffs attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22.    Plaintiffs hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

23.    Trans Union's  failure to investigate Plaintiffs disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's  duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed

items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiffs information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiffs disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs actual damages, for statutory damages, and for Plaintiffs attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Capital One

26. Plaintiffs hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

27. Capital One's failure to investigate Plaintiffs disputes and its initial and continuing false reporting to Equifax and Trans Union of the default history of Plaintiffs Capital One's accounts, despite Capital One's knowledge of the falsity of its reporting, are willful violations of Capital One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

28. Given Capital One's knowledge of the falsity of its reporting, Capital One's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Capital One is liable to Plaintiffs for Plaintiffs actual damages, for statutory damages, for punitive damages, and for Plaintiffs attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Equifax

29.     Plaintiffs hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

30.     Equifax's failure to investigate Plaintiffs disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31.     Equifax's failure to investigate Plaintiffs disputes, its failure to evaluate or consider any of Plaintiffs information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

32.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs actual damages, for statutory damages, for punitive damages and for Plaintiffs attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Trans Union

33.     Plaintiffs hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

34.     Trans Union's  failure to investigate Plaintiffs disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's  knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible

accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35.     Trans Union's  failure to investigate Plaintiffs disputes, its failure to evaluate or consider any of Plaintiffs information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiffs disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

36.     Trans Union's  violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C.  §1681n for which Trans Union is liable to Plaintiffs for Plaintiffs actual damages, for statutory damages, for punitive damages and for Plaintiffs attorneys' fees.

WHEREFORE, Plaintiffs, Martin Gagnon and Adriana Gagnon, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiffs may appear to be entitled.


Respectfully submitted,


*/s/Christopher T. Kurtz Attorney at Law*
Christopher T. Kurtz
608 Baxter Avenue
Louisville, KY  40204
Phone, (502) 749-3600
Facsimile, (502) 749-3766
Chris@ckurtzlaw.com
*Counsel for Plaintiffs*

## VERIFICATION

I, Martin Gagnon and Adriana Gagnon, hereby state that we have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of our knowledge, information and belief.

_____
Martin Gagnon

_____
Adriana Gagnon


COMMONWEALTH OF KENTUCKY          )
                                  ) SS
COUNTY OF JEFFERSON               )


Subscribed, sworn to and acknowledged before me by Martin Gagnon and Adriana Gagnon this ___ day of ___February_____, 2021.

_____
Notary Public

Commission expires: __7/25/2024__